In re LEWIN.

(District Court, D. Vermont. July 28, 1900.)

No. 63.

BANKRUPTCY—DISCHARGE—MAKING FALSE OATH IN PROCEEDINGS.

    A voluntary bankrupt, before filing his petition, gave his attorneys an order for a sum of money due him for wages, but not yet payable, in payment of a past indebtedness to such attorneys, for their services in the bankruptcy proceedings, and to secure the payment of an installment of alimony which he was required by a decree of court to pay to his wife. He thereafter stated in his schedule, to which he made oath, that he had paid nothing to his attorneys for their services in the proceedings, and had assigned no property for the benefit of creditors. The amount so assigned was greater than the value of the assets scheduled. *Held*, that he was guilty of making a false oath, within the meaning of Bankr. Act 1898, § 29b, which was punishable by imprisonment, and deprived him of his right to a discharge under section 14, subd. 1.

In Bankruptcy.

Bates, May & Simonds, for bankrupt.

Marshall Montgomery, for trustee.

WHEELER, District Judge. On petition for discharge. The bankrupt law provides (section 60d) that "if a debtor shall, directly or indirectly, in contemplation of the filing of a petition by or against him, pay money or transfer property to an attorney and counselor at law, * * * the transaction shall be re-examined by the court." The orders and forms established by the supreme court under the law re-

quire a statement of such transactions. The law also provides (section 29b) that "a person shall be punished by imprisonment for a period not to exceed two years upon conviction of the offense of having knowing-ly and fraudulently * * * (2) made a false oath or account in, or in relation to, any proceeding in bankruptcy," and (section 14) that the judge shall, on proceedings for that purpose, discharge the applicant, unless he has "(1) committed an offense punishable by imprisonment as herein provided; or," etc. The bankrupt had, available to a trustee, according to his schedules, a colt valued at $50, and a road cart at $15, which were put in, and, according to the report of the referee, $82.65 due him for wages, payable afterwards, not put in. After he had concluded to go into bankruptcy, and before filing his petition and schedules, he gave an order for the amount due for wages to his attorney; and in answer to the question in Schedule B, "What sum or sums have been paid to counsel, and to whom, for services rendered or to be rendered in this bankruptcy?" he answered, "None," and made oath to that schedule, with the others, that they were a true statement of his estate. The bankrupt owed the attorneys $10, and was under an order of court to contribute $30 alimony monthly to his wife, one installment of which was in default. The referee has found that the order was given to secure the attorneys for the $10; for the payment of that and the next installment of alimony, which they undertook to pay; and for their expenses and services in the bankruptcy proceedings. The same schedule contains an inquiry as to what property has been assigned for the benefit of creditors, to which the bankrupt answered, "None." The alimony may not have been a debt, nor his wife a creditor, as such, and the order, so far as it secured payment of the alimony, not have been for the benefit of a creditor; but it none the less would deprive the trustee of a large part of the available assets of the estate, and place it where it would go for the benefit of the bankrupt himself, and work a fraud upon the law and the creditors. He must have known that he had given the order, and have intended to produce this result; and the statement that no sum or sums had been paid to counsel must have been knowingly and fraudulently false. He could lawfully put money into the hands of the attorneys to secure them for necessary services and expenses about what the law required of him to be done; but when he had done so, and also put comparatively much more there, he could not honestly swear that he had not put any there, nor that a statement of his estate, with this fact expressly denied, was a true statement. The bankrupt law is very free about the granting of discharges, but it requires first that the sworn proceedings of the bankrupt shall be honest, and that requirement is very necessary to the proper and just administration of the law, and should not be frittered away. To say that the bankrupt had not paid any sum of money to his attorneys, because they had not then actually received any, but only an order for some; that the sum due for which the order had been given need not be put in, because that transferred it away from him; that the alimony was not a debt, the securing of which would be for the benefit of creditors; and that therefore there was no false sworn statement,—would be too transparent for a cover to the real transaction. This part of his

sworn statements appears to be knowingly and fraudulently dishonest and false. He could not lawfully go into bankruptcy, and attempt to save his assets for his own benefit in this manner, and still be entitled to a discharge. Discharge denied.