WALKER *v.* MULLINS.

4-6864                                      165 S. W. 2d 607

Opinion delivered November 16, 1942.

*Stevens & Cheatham,* for appellant.

*Harry B. Colay,* for appellee.

HOLT, J.  March 23, 1931, appellants, Cassie Walker and York Walker, her husband, together with Tyree Walker, executed and delivered three notes to Mrs. Della Mullins in the total amount of $588.49. The first note was for $200 and due November 1, 1931, the second note was also for $200, due November 1, 1932, and the third note was for $188.49 and due November 1, 1933. Each note bore 10 per cent. interest from maturity, and as security the Walkers executed a deed of trust in favor of Mrs. Mullins on an undivided one-twelfth interest of Cassie Walker in 360 acres of land in Columbia county. Mrs. Della Mullins died November 26, 1934. The first of the above notes was paid when due, but the principal and interest of the two remaining notes have not been paid. Appellee, A. R. Mullins, is the surviving husband

of Della Mullins, and appellees, Frank and Edwin Mullins, are the sons of A. R. Mullins and Mrs. Mullins.

The evidence shows that prior to January 2, 1937, appellants, upon being pressed to pay the two unpaid notes, agreed to execute a deed to appellees to the property described in the deed of trust, in satisfaction of the balance due on the debt, but this deed was never delivered. At the same time this agreement was made with respect to the deed, January 2, 1937, appellants, Carrie and York Walker, entered into what was termed a written "contract of sale and rent" with appellees, A. R. Mullins and his two sons, Edwin and Frank, under the terms of which it was provided that appellees agreed to sell to appellants a certain described tract of land in Columbia county containing thirty acres, the consideration being set out as eleven notes of $75 each, bearing interest from date until paid at 8 per cent. per annum, the first note due November 1, 1937, and one of the ten remaining notes to become due November 1 each year thereafter until November 1, 1947, when the last note was to become due. It was further stipulated that when all notes were paid appellees were to execute a warranty deed to the land described to appellants.

Appellants did not pay any of the eleven notes set out in this sale and repurchase agreement.

February 8, 1941, appellees filed suit against appellants to foreclose the deed of trust. Appellants denied that they owed the debt sued on and specifically pleaded as a defense the statute of limitation of five years, (Pope's Digest, § 8933). From a decree in favor of appellees is this appeal.

Appellants contended below, and insist here, that the debt sued on is barred by the five-year statute of limitation.

The trial court made certain findings and conclusions from which we quote the following: "Before the said notes and deed of trust were barred by the statute of limitations, plaintiffs began pressing defendants for payment of said indebtedness, and as a result thereof plaintiffs and defendants entered into an agreement

whereby defendants, Cassie Walker and York Walker, were to deed to plaintiffs the lands covered by their deed of trust and in turn defendants were to repurchase same by the payment of $75 per year for eleven years, which represented the interest and principal of the indebtedness contained in the notes sued on herein. This agreement was entered into on the 2d day of January, 1937. However, the deed of conveyance from the defendants to the plaintiffs was never delivered, but the plaintiffs and defendants did execute a rent and sale contract which set out the indebtedness, and conveyed the following lands in Columbia county, Arkansas, to-wit: (here follows description of the land, containing thirty acres) to defendants, provided they made the payments set out therein. The land as described in the deed of trust had been divided by the heirs of the Wm. Doss estate, and the land included in the contract of repurchase represented Cassie Walker's undivided 1-12th interest in the 360 acres aforesaid. The court finds that the aforesaid contract of repurchase, executed for the specific purpose of preventing foreclosure of the deed of trust, and including the debt sued on herein as the consideration therefor, being in writing, signed by all of the parties hereto, stayed the statute of limitations and made a new point for same to begin to run, and that said notes and deed of trust are not barred by said statute, and that plaintiffs should have judgment on their notes sued on herein.''

It is our view that this finding is supported by a great preponderance of the testimony and the conclusions reached are correct. It must be borne in mind that appellants admit the execution of the two unpaid notes and deed of trust upon which this suit is based. These notes, together with the deed of trust, were executed in favor of Mrs. Della Mullins, the wife of appellee, A. R. Mullins, and the mother of Frank and Edwin Mullins, her two sons and sole surviving heirs. These notes were not paid on January 2, 1937, when the contract of sale and rent, *supra,* was entered into between appellees and appellants. There was but one debt which appellants owed appellees at that time and that was the amount due

on these two unpaid notes. While the debt in question is not specifically identified in the sale and rent agreement, we think it is identified by implication. The rights only of the appellants, makers of the notes and deed of trust, and appellees, the heirs of the grantee in the deed of trust, Mrs. Della Mullins, are present. The rights of third parties are not involved, and we think the sale agreement, *supra,* was a sufficient acknowledgment of the debt, and created a new date from which the statute of limitation began to run. On the evidence before us we think it clear also that the land described in the deed of trust as one-twelfth of 360 acres in Columbia county, which represented the interest of Cassie Walker in the estate of Wm. Doss, deceased, is the same land described in the sale and rent contract, *supra,* representing thirty acres after her interest in the Doss estate had been partitioned and set aside to her. In other words, the description in the deed of trust represents her undivided one-twelfth interest, whereas the description in the rent and sale contract represents her interest after the division.

On the question whether there has been a written acknowledgment of the existence of a specific debt sufficient to create a new period from which the statute of limitation runs, this court in a very recent decision, *Street Improvement District No. 113* v. *Mooney,* 203 Ark. 745, 158 S. W. 2d 661, said (quoting with approval from *Hunt et al.* v. *Lyndonville Savings Bank & Trust Co., et al.,* 103 Fed. 852) : "In considering whether there has been a sufficient acknowledgment in writing to toll the statute of limitations, the question to be determined is the intention of the debtor. It is generally held to be sufficient if, by fair construction, the writing constitutes an admission that the claim is a subsisting debt unaccompanied by any circumstances repelling the presumption of the party's willingness or intention to pay. . . . A quotation from 19 American & English Encyclopedia of Law, (2d Ed.) 303, is: 'A mere acknowledgment of the claim as an existing obligation is such an admission as the law will imply therefrom a new promise to pay, which will start the statute anew, when it is not accompanied by anything negativing the presumption of an intention

to pay the debt.' . . . Wood on Limitations, vol. 1 (4 Ed.), p. 344, states the rule to be that where an acknowledgment is relied upon to renew a debt, four requisites are indispensable: (1) The acknowledgment must be in terms sufficient to warrant the inference of a promise to pay the debt. (2) It must be made to the proper person. (3) It must be made by the proper person. (4) Necessary formalities must attend, where such are required by statute. . . . It is then said 'From these rules it will be seen that, whatever abstruse theories may formerly have existed in reference to the principles upon which these statutes are predicated or in reference to the presumption arising therefrom, it is now well settled that no acknowledgment is sufficient to take a case out of the statute, unless it is of such a character that a new promise sufficient to revive the debt can be fairly drawn therefrom; and the theory upon which the courts proceed is that the old debt forms a good consideration for a new promise, either express or implied, and that any clear and unequivocal admission of the debt as an existing liability carries with it an implied promise to pay, unless such inference is rebutted either by the circumstances or the language used.' "

Finding no error, the decree is affirmed.